UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------x

MELVA CORDOVA,                                      :
an individual,                                      :        CASE NO.:
                                                    :
                        Plaintiff,                  :
                                                    :        Judge:
vs.                                                 :
                                                    :
                                                    :        Magistrate:
                                                    :
ABC AGENCY NETWORK, INC.; and,                      :
KHAN CENTER INC.                                    :
                                                    :
                                                    :
                                                    :
                        Defendant.                  :
-----------------------------------------------------x

## COMPLAINT

Plaintiff, MELVA CORDOVA, by and through her undersigned counsel, hereby files this

Complaint and sues ABC AGENCY NETWORK, INC. ("ABC") and KHAN CENTER INC.

("KHAN") (referred to collectively as "DEFENDANTS"), for declaratory and injunctive relief,

attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et*

*seq.*, and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the

        Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the

        "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and

        1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff, MELVA CORDOVA, (hereinafter referred to as "MS. CORDOVA"), is a

resident of Jefferson Parish, Louisiana.

4.   MS. CORDOVA is a qualified individual with a disability under the ADA.   MS. CORDOVA is affected with paraplegia.

5.   Due to her disability, MS. CORDOVA is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MS. CORDOVA is unable to walk, stand, or use her legs without assistance.

6.   Upon information and belief, KHAN is a corporation incorporated in the State of Louisiana and having the domicile of 4841 Folse Drive, Metairie, Louisiana, 70006.

7.   Upon information and belief, ABC is a corporation incorporated in the State of Louisiana and having the domicile of 4670 I-49 Service Road, Opelousas, Louisiana, 70570.

8.   Upon information and belief, ABC is doing business under the trade name ABC INSURANCE AGENCIES.

9.   Upon information and belief, DEFENDANTS are the owners, lessors, lessees and/or operators of the real properties and improvements which is the subject of this action, to wit: Khan Plaza generally located at 3939 Veterans Boulevard, Metairie, Louisiana, 70002.

10.   DEFENDANTS are obligated to comply with the ADA.

11.   All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

12.   MS. CORDOVA realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13.   The Property is a place of public accommodation, subject to the ADA, generally located at: at 3939 Veterans Boulevard, Metairie, Louisiana, 70002.

14.   MS. CORDOVA has visited the Property numerous times and plans to visit the Property again in the near future.

15.   During these visits, MS. CORDOVA experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 18 of this Complaint.

16.   MS. CORDOVA continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 18 which still exist.

17.   MS. CORDOVA intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

18.   DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. CORDOVA due to, but not limited to the following violations which MS. CORDOVA personally observed and/or encountered which hindered her access:

        A.   There is no accessible route from the public sidewalks to the facility's entrance;

B.    There is no ramp leading to Second Serve Tennis Center;

C.    There is no ramp leading to B.C. Kitchen and Bath;

D.    The disabled parking spaces at the facility are improperly marked and have improper access aisles;

E.    There is no van accessible parking spaces at the facility;

F.    The threshold at the doorway leading into ABC's facility exceeds the maximum allowable height;

G.    The threshold at the doorway leading into Parran's Po-Boys facility exceeds the maximum allowable height;

H.    The disabled parking spaces at the facility contain an excessive slope and cross-slope; and,

I.    There are curb cuts at the facility that do not have level landings and/or contain excessive slopes and fail to provide a smooth transition where the ramps connect with the sidewalk and roadway.

19.    Furthermore, DEFENDANTS continue to discriminate against MS. CORDOVA, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide MS. CORDOVA an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANTS offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and

4

services.

20.     To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

21.     Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

22.     Removal of the barriers to access located on the Property would provide MS. CORDOVA an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANTS offers to the general public.

23.     Independent of her intent to return as a patron to the Property, MS. CORDOVA additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

25.     MS. CORDOVA has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  MS. CORDOVA is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.


        WHEREFORE, MS. CORDOVA demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

        A.      That this Court declare that the Property owned, leased and/or operated by DEFENDANTS is in violation of the ADA;

        B.      That this Court enter an Order directing DEFENDANTS to alter the facility to

5

make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That this Court enter an Order directing DEFENDANTS to evaluate and neutralize their policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. CORDOVA; and

E.     That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus1@gmail.com
757 St. Charles Ave., Suite 302
New Orleans, Louisiana 70130
T: 504-619-9999; F: 504-592-3300

By: _____
      Andrew D. Bizer